Filed 12/16/20  P. v. Webb CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY LAMONT WEBB,<br><br>      Defendant and Appellant. | C089453<br><br>(Super. Ct. No. STK-CR-CNV-1998-16793) |

Defendant Anthony Lamont Webb appeals from the trial court's order denying his pro per petition for resentencing brought pursuant to Penal Code section 1170.95.[1] Defendant argues the trial court erred in relying on a special circumstance finding to conclude no prima facie showing had been made.  We disagree and affirm the order.

---

[1]  Further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Convictions*

In 1999 defendant and his codefendant were found guilty by jury of three counts of first degree murder (§ 187) and two counts of robbery (§ 211). The jury also found true the special allegations that defendant had personally used a firearm in one of those murders and in one robbery (§ 12022.5, subd. (a)), had been armed with a firearm during another murder and robbery (§ 12022, subd. (a)), that two of the murders were multiple murders (§ 190.2, subd. (a)(3)), and that all three murders were committed during the course of a robbery (§ 190.2, subd. (a)(17)). (*People v. Thompson* (April 3, 2002, C034507) [nonpub. opn.] slip opn. at pp. *1-2.)

Within its charge to the jury at the conclusion of the parties' presentations, the trial court included CALJIC 8.80.1 regarding the special circumstance allegations, which included the requirement that in order to find the section 190.2, subdivision (a)(17)(A) allegations true, if defendant was not the actual killer, the jury would have to find that defendant "with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission" of the robberies.

Defendant received a sentence of three consecutive terms of life in prison without the possibility of parole plus nine years four months. We upheld these convictions on appeal, but modified the judgment to stay defendant's sentences for the two robberies pursuant to section 654. (*People v. Thompson, supra*, C034507, at p. *2.) Defendant's new sentence was three consecutive life terms.

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and

2

probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .

3

[¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

*Defendant's Petition for Resentencing*

On January 17, 2019, defendant filed a form petition in propria persona requesting resentencing under section 1170.95. On the form, defendant declared he had been convicted of felony murder and could not now be convicted of either first or second degree murder because of changes made to sections 188 and 189. Defendant further declared he was not the actual killer and had not acted "with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." Finally, defendant declared he "was not a major participant in the felony **or** . . . did not act with reckless indifference to human life during the course of the crime or felony."

The trial court denied defendant's petition in a March 29, 2019 order without hearing and written decision that determined defendant was ineligible for resentencing because he could still be convicted of the three counts of first degree murder despite the changes to sections 188 and 189. The court noted that the jury was instructed with CALJIC 8.80.1 as set forth above as to the necessary finding for the special circumstances which it ultimately found true. By finding the section 190.2, subdivision (a)(17)(A) allegations true, the jury necessarily found defendant was the actual killer, was

4

an aider and abettor acting with the specific intent to kill, or was a major participant acting with reckless indifference to human life. Any of these findings rendered defendant ineligible for resentencing under sections 189, subdivision (e)(1)-(3). Therefore, the court's preliminary review under section 1170.95, subdivision (c) revealed as a matter of law that defendant could not make a prima facie showing of eligibility. Defendant timely appealed.

## DISCUSSION

Defendant argues the trial court erred when it determined the special circumstance finding conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, a major participant, or acted with reckless indifference. He posits that because the definitions of "major participant" and "reckless indifference to human life" were clarified by our Supreme Court *after* the jury made its findings in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the special circumstance findings from his trial are potentially invalid. Relying on *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011 (*Torres*), defendant asserts *Banks* and *Clark* require further litigation of his case to determine his eligibility for relief.

The Attorney General responds that *Torres* was wrongly decided, and although *Banks* and *Clark* enabled defendants to file new habeas petitions attacking their special circumstance convictions, "section 1170.95 does *not* provide defendants with a generalized collateral attack on their convictions." Rather, a defendant must first seek habeas relief on a special circumstance conviction and, if successful, can then proceed through the section 1170.95 process.

While briefing in this case was ongoing, the Fourth Appellate District, Division One in *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033 (*Gomez*), and the Second Appellate District, Division One in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), issued

5

opinions supportive of the Attorney General's position. (See also *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S267978.) More recently, Division Five of the Second Appellate District, in *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954 (*York*), followed *Torres* and criticized *Galvan.* (See also *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 26, 2020 S262835.) The Second Appellate District, Division One then issued *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*) in direct response to *York.* (*Allison* at p. 449.) Most recently, the Fourth Appellate District, Division Two, followed *Allison* in *People v. Jones* (2020) 56 Cal.App.5th 474, as did the Second Appellate District, Division Two, in *People v. Nunez* (2020) 57 Cal.App.5th 78.

Although certain of those cases also concern the appropriate stage in the section 1170.95 proceedings for appointment of counsel, an issue that is now pending before our Supreme Court in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598, this case does not. Although defendant claims in passing that counsel should have been appointed for him, he only *argues* the issue of whether he should have been permitted under section 1170.95 to challenge the continued viability of the jury's special circumstance finding. As we will explain, we find *Galvan* and *Allison* more persuasive on this issue than the cases to the contrary.

Our Supreme Court's decisions in *Banks* and *Clark* clarified "what it means for an aiding and abetting defendant to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' [and] construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Torres*, *supra*, 46 Cal.App.5th at p. 1179; see also *Galvan*, *supra*, 52 Cal.App.5th at p. 1141.) In *Galvan* the appellate court acknowledged these changes to section 190.2, subdivision (d) and considered whether a defendant could relitigate his special circumstance conviction using section 1170.95. (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141.) There, as here, the defendant was convicted of first degree murder with a

6

special circumstance finding under section 190.2, subdivision (a)(17) made before *Banks* and *Clark* were decided. (*Galvan,* at pp. 1138-1139.) On appeal, the defendant, like defendant here, argued that *Banks* and *Clark* had altered the meaning of "major participant" and "reckless indifference to human life" such that he was entitled to reconsideration of the conviction under section 1170.95. (*Id.* at p. 1137.)

The *Galvan* court first considered the relevant statutory language: "In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder *because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437*." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142, italics added; § 1170.95, subd. (a)(3).) The court concluded that as to Galvan the requirement was not met, because "[a]lthough [the defendant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If [the defendant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan*, at p. 1142.)

The *Galvan* court also observed that permitting defendants to relitigate a special circumstance finding by way of a section 1170.95 petition would "give [them] an enormous advantage over other similarly situated defendants based solely on the date of [their] conviction." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.) "Defendants convicted after the Supreme Court issued its decisions in *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstance finding on direct appeal, where the People would need only to show that substantial evidence supported

7

that finding." (*Id.* at pp. 1142-1143.) Defendants convicted before *Banks* and *Clark*, on the other hand, could challenge the special circumstance findings under section 1170.95, which would require the prosecution "to prove the special circumstance beyond a reasonable doubt." (*Galvan,* at p. 1143.) "[N]othing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants." (*Ibid.*)

Defendant urges us to follow *Torres*, *supra*, 46 Cal.App.5th 1168, which also addressed the denial of a section 1170.95 petition based on the changes made by *Banks* and *Clark*. The *Torres* court concluded the summary denial of the defendant's petition based on the pre-*Banks*/*Clark* special circumstance finding raised the "possibility that [the defendant] was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the defendant's] constitutional right to due process" and, as relevant here, reversed and remanded. (*Torres,* at p. 1180.)

Torres had already sought habeas relief, claiming the special circumstance finding was no longer valid; his petition for relief had been denied. (*Torres*, *supra*, 46 Cal.App.5th at p. 1180, fn. 4.) The appellate court considered whether that habeas petition precluded the section 1170.95 petition, but did not opine on whether habeas relief was more appropriate in light of section 1170.95's statutory language.

Defendant also urges reliance on *York*, *supra*, 54 Cal.App.5th 250, where the appellate court *did* consider whether a habeas petition was a preferable route to relief. (*Id.* at pp. 258-259.) The *York* court reviewed the language of section 1170.95, subdivision (d)(2), which provides a streamlined path to relief under section 1170.95 if a defendant has "a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." Because the statute does not include a counterpart to this subdivision accounting for a situation where there is a prior finding that a petitioner *did* act with reckless indifference to human life and *was* a major participant in the underlying felony, the court reasoned such a

finding should not preclude a petitioner from relief. (*York*, at pp. 260-261.) The court concluded *Galvan* was incorrect when it found the defendant there could only avail himself of relief "because of" *Banks* and *Clark*, rather than Senate Bill No. 1437. Absent Senate Bill No. 1437, a successful *Banks* and *Clark* challenge would invalidate only the special circumstance finding, whereas a successful section 1170.95 petition would invalidate the murder conviction. (*York*, at p. 261.)

The *Allison* court addressed *York* after ordering briefing on the precise issue here: "Whether the trial court properly relied on [the defendant's] admission of felony-murder special circumstances (§ 190.2, subd. (a)(17)) as the sole basis for finding that he had not made a prima facie showing that he was entitled to relief." (*Allison, supra*, 55 Cal.App.5th at p. 456.) The *Allison* court first emphasized that section 1170.95 requires a prima facie showing by petitioner that he " '*could not* be convicted of . . . murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437." (*Allison,* at p. 456.) It noted that the requirements for a finding of felony murder under the newly amended version of section 189 were *identical* to the requirements of the felony-murder special circumstance that had been in effect at the time of the challenged murder conviction (in the *Allison's* case, 1997; in the instant case, 2014). (*Allison*, at p. 456.) Thus, the special circumstance finding showed "as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189" and precluded a prima facie showing of eligibility. (*Id*. at p. 457)

The *Allison* court disagreed with the argument to the contrary embraced by *York*, that because no court had examined whether there was a factual basis for the special circumstance finding since *Banks* and *Clark* were decided, the finding was insufficient to show ineligibility as a matter of law. (*Allison, supra*, 55 Cal.App.5th at p. 457.) We agree with the *Allison* court that *Banks* and *Clark* did not change the law, but merely clarified the same principles that existed earlier. (See *ibid*; see also *In re Miller* (2017) 14 Cal.App.5th 960, 978.) As the *Allison* court noted, the pattern jury instructions remain

9

the same; *Banks* and *Clark* merely resulted in the addition of *optional* language thereto. (*Allison, supra*, 55 Cal.App.5th at p. 457.)

We further observe that the language in section 1170.95, subdivision (d)(2) anticipates, rather than precludes, the possibility of habeas relief before a section 1170.95 petition because one way to obtain a "prior finding" that meets the subdivision's requirements is via habeas. (*In re Ramirez* (2019) 32 Cal.App.5th 384, 406.) If a defendant has successfully obtained such relief, the trial court is must provide the petitioner access to section 1170.95 relief. Nothing precludes relief under section 1170.95; the language simply presumes a petitioner will pursue alternative relief first.

Finally, we disagree that reliance on a special circumstance finding to determine that a defendant cannot make a prima facie case for resentencing as a matter of law requires the trial court to make "a separate determination concerning the validity of the special circumstance." (*York, supra*, 54 Cal.App.5th at p. 262.) Such reliance on the jury finding requires only a simple review of the record to determine whether the factfinder found the special circumstance to be true and what that finding entailed. Such a review of prior proceedings is fully contemplated by section 1170.95, subdivision (c) (*People v. Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted March 18, 2020, S260493) and is grounded in sound policy. (See, e.g., *People v. Lewis, supra*, 43 Cal.App.5th at pp. 1138-1139, review granted March 18, 2020, S260598 [it would be a "gross misuse of judicial resources" to issue an order to show cause or appoint counsel where a review of the court record established ineligibility as a matter of law].)

We find the *Allison* court's responses to *York* persuasive, and the analyses of *Allison* and *Galvan*, considered together, convince us that the appropriate avenue for defendant's challenge to the special circumstance allegations is through a petition of habeas corpus, rather than the section 1170.95 petition filed in this case. (See *In re Miller, supra,* 14 Cal.App.5th at p. 979 [permitting habeas challenge to special circumstance conviction].) The trial court did not err when it denied defendant's petition.

## DISPOSITION

The trial court's order is affirmed.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Renner, J.